---

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X   CIV 09-974 (LDW)(ETB)
INTELLIGENT DIGITAL SYSTEMS, LLC, RUSS &
RUSS PC DEFINED BENEFIT PENSION PLAN and
JAY EDMOND RUSS,

                                    Plaintiffs,

   -against-

VISUAL MANAGEMENT SYSTEMS, INC., JASON
GONZALEZ, HOWARD HERMAN, ROBERT MOE,
MICHAEL RYAN, COL. JACK JACOBS, Ret. and
MARTY McFEELY,

                                 Defendants.
---------------------------------------------------------------------X

# DEFENDANTS' REPLY MEMORANDUM OF LAW
# IN FURTHER SUPPORT OF MOTION TO DISMISS

                                        CERTILMAN BALIN ADLER & HYMAN, LLP
                                                    Attorneys for Defendants
                                *Visual Management Systems, Inc., Jason Gonzalez,*
                                *Robert Moe, Michael Ryan, Col. Jack Jacobs, Ret.,*
                                           *and Marty McFeely*
                                                      90 Merrick Avenue
                                                 East Meadow, New York 11554
                                                          (516) 296-7004

Of Counsel:

MARTIN P. UNGER
PAUL B. SWEENEY

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................. 1

ARGUMENT .................................................................................................................. 2

    I. PLAINTIFFS' SECURITIES FRAUD CLAIMS (CLAIMS 3 AND 4) MUST BE DISMISSED .......................................................................... 2

        A. The Note Is Not a Security ............................................................... 2

            1. Plaintiffs' Reliance on Leemon Is Misplaced ......................... 2

            2. Plaintiffs' Ignore the Numerous Cases Cited By Defendants ............ 4

            3. Other Decisions Relied Upon By Plaintiffs Do Not Support Plaintiffs' Arguments ............................................................... 4

        B. Plaintiffs' Complaint Fails To Adequately Plead Scienter ..................... 6

            1. Plaintiffs Concessions Show That They Failed to Allege Reliance . 8

            2. Plaintiffs Ignore Defendants Arguments That Call For Dismissal of the Complaint ............................................................................ 9

CONCLUSION .............................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Brown v. E.F. Hutton Group, Inc,*
   991 F.2d 1020 (2d Cir. 1993)..................................................................................................9

*Chemical Bank v. Arthur Andersen & Co.,*
   726 F.2d 930 (2d Cir.), *cert. denied,* 105 U.S. 253 (1984)......................................................9

*ECA and Local 134 IBEW Pension Trust of Chicago v. JP Morgan Chase Co.,*
   553 F.3d 187 (2d Cir. 2009).....................................................................................................6

*Fonte v. Bd. of Managers of Continental Towers Condominium,*
   848 F.2d 24 (2d Cir.1988).........................................................................................................7

*Gurary v. Winehouse,*
   235 F.3d 792 (2d Cir. 2000 )....................................................................................................9

*In re Keyspan Corp. Sec. Litig.,*
   383 F.Supp.2d 358 (E.D.N.Y. 2003) .......................................................................................7

*In re One Communications Corp.,*
   No. 07-3905, 2009 WL 857535 (S.D.N.Y. Mar. 31, 2009)......................................................7

*In re Sotheby's Holdings Sec. Litig.,*
   No. 00-1041, 2000 WL 1234601 (S.D.N.Y. Aug. 31, 2000)....................................................7

*Leemon v. Burns,*
   175 F.Supp.2d 551 (S.D.N.Y. 2001)................................................................................2, 3, 4

*Mills v. Polar Molecular Corp.,*
   12 F.3d 1170 (2d Cir. 1993).....................................................................................................9

*Reves v. Ernst & Young,*
   494 U.S. 56 (1990)...................................................................................................................2

*Shields v. Citytrust Bancorp, Inc.,*
   25 F.3d 1124 (2d Cir. 1994).....................................................................................................7

*Stoiber v. SEC,*
   161 F.3d 745 (D.C. Cir. 1998)..............................................................................................4, 5

*Tellabs Inc. v. Makor Issues & Rights, Ltd.,*
   551 U.S. 308 (2007).................................................................................................................6

```
```

*Varnberg v. Minnick*,
  760 F. Supp. 315 (S.D.N.Y. 1991) ............................................................................. 4

**RULES**

F.R.C.P. 12(b)(1) and (6) and 9(b) ............................................................................................. 1

Fed.R.Civ.P. 12(b) ...................................................................................................................... 7

F.R.C.P. 9(b) ............................................................................................................................... 8

Defendants Visual Management Systems, Inc. ("VMS"), and certain of its officers and directors, defendants Jason Gonzalez, Robert Moe, Michael Ryan, Col. Jack Jacobs, Ret., and Marty McFeely ("Individual Defendants") (collectively "Defendants"), by their undersigned attorneys, respectfully submit this Reply Memorandum of Law in Further Support of their Motion to Dismiss the Complaint, pursuant to F.R.C.P 12(b)(1) and (6) and 9(b).

## PRELIMINARY STATEMENT

Plaintiffs' opposition to Defendants' motion to dismiss offers little basis, if any, for this Court to refrain from dismissing this action in its entirety. First, nothing in Plaintiffs' brief contradicts the undeniable fact that this case is a state law contract case concerning the alleged default on certain promissory notes that simply has no place in the federal courts. Second, Plaintiffs fail to cite to any persuasive legal authority that supports their effort to transform this contract case into a securities fraud action, and further fail to address the numerous cases cited by Defendants showing that a securities fraud claim has not been stated. Third, many of Plaintiffs' arguments are based on affidavits that should not be considered on a motion to dismiss and, in any event, have little to do with the relevant allegations in the Complaint.

# ARGUMENT

## I.  PLAINTIFFS' SECURITIES FRAUD CLAIMS (CLAIMS 3 AND 4) MUST BE DISMISSED

Plaintiffs' argue that they have stated a valid securities fraud claim because the Note[1] in question is a "security" under the federal securities laws. That argument is without basis.

### A.  The Note Is Not a Security

In their opposition, Plaintiffs do not dispute that the proper analysis for determining whether the Note is a security is the four-part "family resemblance test" set forth in *Reves v. Ernst & Young*, 494 U.S. 56, 61 (1990).

#### 1.  Plaintiffs' Reliance on Leemon Is Misplaced

Plaintiffs argue that under the "family resemblance test" the Note must be deemed a security. That argument, however, is based almost exclusively on a single sentence in a decision by Magistrate Judge Peck in *Leemon v. Burns*, 175 F.Supp.2d 551 (S.D.N.Y. 2001). Specifically, Plaintiffs rely upon Magistrate Peck's statement that "the fact that the Note's original principal could be converted into [ ] common stock is a strong factor for holding that the Note is a security."

---

[1] For convenience, the definitions in Defendants' Motion to Dismiss are incorporated by reference herein.

2

Plaintiffs' reliance is entirely misplaced for a number of reasons. To start, the facts in *Leemon* are starkly different from those at issue here in a number of critical respects. First, the note in *Leemon* was not given in connection with the sale of a business, as at bar, but rather in exchange for a $150,000 investment in a certain company. Second, in *Leemon* the issuer gave the plaintiff common stock and other stock and non-stock incentives in addition to the convertible note. 175 F. Supp.2d at 553. Thus, unlike the facts at bar, the note in question in *Leemon* involved numerous circumstances that supported the Court's finding that note was intended for investment purposes rather than commercial.

Second, while the Court in *Leemon* appeared to analyze the first part of the family resemblance test regarding the parties' "motivation", the Court did not analyze any other factors in the four-part test -- other than to explicitly recognize that the note in question did not satisfy the second factor, the plan of distribution. Regarding that factor, in *Leemon* the Court found that although the plan of distribution weighed against finding the Note to be a security, the second factor *alone* was not dispositive on the issue. In this case, Plaintiffs do not dispute that the second factor weighs against the finding of the note to be a security. As such, when added to the commercial nature of the present transaction, the entirety of the analysis weighs heavily in favor of finding the Note to be a non-security.

3

2186155.2

Third, although the Court in *Leemon* relied on the convertible nature of the Note, Plaintiffs ignore the cases cited by Defendants in which the Court found a convertible note to be a non-security. For instance, in *Varnberg v. Minnick*, 760 F. Supp. 315, 326 (S.D.N.Y. 1991), a convertible note was found to be a non-security. Plaintiffs made no attempt to distinguish *Varnberg* and its holding that the convertible nature of the note is not dispositive or even weighty enough to result in deeming the note to be a security.

### 2. Plaintiffs' Ignore the Numerous Cases Cited By Defendants

*Varnberg* is not the only case relied upon by Defendants that Plaintiffs ignore. In fact, Plaintiffs fail to address the vast majority of cases cited by Defendants that analyze each of the four parts of the "family resemblance test" and support the finding that the Note is not a security. (*See* Defendants' Memorandum of Law, pp. 10-15.) In short, Plaintiffs offer no rebuttal to the numerous cases cited by Defendants that clearly show the Note may not be considered a security under the "family resemblance test" and are fatal to Plaintiffs' federal securities fraud claim.

### 3. Other Decisions Relied Upon By Plaintiffs Do Not Support Plaintiffs' Arguments

The only other case cited by Plaintiffs is *Stoiber v. SEC*, 161 F.3d 745 (D.C. Cir. 1998). *Stoiber* is factually distinguishable from the case at bar and its holdings, in fact, supports Defendants' position. In *Stoiber*, the notes were given to a broker to fund his commodities trading activities. The Court had "little trouble" concluding that trading in commodities indicates an investment, rather than

4

commercial, motivation. 161 F.3d at 749-750. That is hardly the case here in which the Note was given in connection with an asset purchase. Moreover, in *Stoiber* the Court looked to the face of the notes in question and the affidavits by the customers and found that they "suggest[s] that Stoiber's investing public did not reasonably view the notes as securities." *Id.* at 751. At bar, the evidence is even stronger against finding the Note to be a security because Plaintiffs' own complaint repeatedly refers to the Note as a "Sale Transaction" or "asset sale." (See Paul Sweeney Moving Affirmation, dated August 20, 2009, Ex. A, ¶¶ 1, 8, 9, 44, 46, 48, 52, 78.) ("Sweeney Affr.") Regarding the second factor in the "family resemblance test", plan of distribution, the *Stoiber* court found "this factor points in no clear direction" because, (i) while the notes could be traded in a secondary market, they were not, (ii) the thirteen (13) customers solicited were persons with whom Stoiber had a personal relationship and were not a "broad segment of the public" and, (iii) in fact, the solicitations contained "little detail." 161 F.3d at 750-751. In contrast, at bar, there was a single transaction in which a single seller sold all of a company's assets to a buyer in an arms length transaction. Unlike *Stoiber*, there are no facts concerning the "public expectations" of the Note in this action that support finding the Note to be a security.[2]

---

[2] Plaintiffs also rely upon an unreported FINRA decision. (Pltfs. Brf. at 17, Ex. D.) That decision is unhelpful to Plaintiffs' arguments. In the FINRA matter, while the defendants' motion for summary judgment was denied, the only facts mentioned are distinguishable from the Note in this case, namely, (1) the note had actually been converted by one customer to shares, and (2) the face of the note described itself as a "convertible security. "Neither fact is present here. Moreover, there is absolutely no indication how the tribunal analyzed the relevant facts or applied the "family resemblance test."

5

B. <u>Plaintiffs' Complaint Fails To Adequately Plead Scienter</u>

Plaintiffs' response to Defendants' assertion that their securities claim must be dismissed for the additional reason that it fails to meet the heightened scienter pleadings requirements is as devoid of detail as is the Complaint.

To support their assertion that the Complaint satisfies the PSLRA's heightened standards, Plaintiffs simply argue in conclusory manner that they "have pled scienter through the strong inference that the defendants knew facts and had access to information suggesting that their public and forward looking statements were not accurate."[3] (Pltfs. Brf. at 23.) Plaintiffs' opposition does not specifically set forth how the Complaint asserts particular facts "giving rise to a strong inference that the Defendant acted with the required state of mind," *Tellabs Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007); nor do Plaintiffs specify how the Complaint alleges that Defendants had "the motive and opportunity to commit fraud" in order that they could "sell their own shares at a profit." *ECA and Local 134 IBEW Pension Trust of Chicago v. JP Morgan Chase Co.*, 553 F.3d 187, 198 (2d Cir. 2009). Plaintiffs fail to address the numerous allegations in the Complaint that indicate, rather than a fraudulent intent, Defendants were at most arguably negligent – which is an insufficient basis for a scienter. (Sweeney Affr., Ex. A, ¶¶3, 5, 7, 48.) In short, Plaintiffs' arguments are as

---

[3] Plaintiffs spend nearly six-pages citing caselaw regarding the heightened pleading standards imposed by the PSLRA and the relevant caselaw, but the vast majority of the cases cited actually support Defendants' contention that scienter was not plead adequately. (Pltfs. Brf. pp. 17-23.)

lacking in specifics as is their Complaint and fail to come close to satisfying the heightened pleading standards of the PSLRA.[4]

Moreover, Plaintiffs fail to address Defendants' clear showing that the allegation that the Individual Defendants should have known the financial statements were misstated, by virtue of their positions at VMS, fails as a matter of law. *See e.g. In re One Communications Corp.*, No. 07-3905, 2009 WL 857535, at *11 (S.D.N.Y. Mar. 31, 2009)(allegations that defendant's principals should have known of alleged improper practices by virtue of their position and access to information insufficient to plead scienter); *In re Keyspan Corp. Sec. Litig.*, 383 F.Supp.2d 358 (E.D.N.Y. 2003) (without specific allegations as to how the defendants became aware of the information plaintiffs failed to sufficiently allege scienter); *In re Sotheby's Holdings Sec. Litig.*, No. 00-1041, 2000 WL 1234601, at *7-8 (S.D.N.Y. Aug. 31, 2000) (allegations that corporate officers and directors had access to internal corporate documents and information insufficient to support allegations of scienter.) Plaintiffs do not cite to any authority to rebut this caselaw, nor do Plaintiffs set forth any specific allegations that could serve to state sufficient claims against the Individual Defendants.[5]

---

[4] To the extent that Plaintiffs are relying on the affidavits submitted in support of their attachment motion to cure the insufficiencies of their pleading or, in many instances, contradict the allegations in the Complaint, such reliance is not appropriate on a motion to dismiss. When a plaintiff files documents outside the pleadings, the Court should either exclude the additional material and decide the motion on the complaint alone or convert the motion to one for summary judgment under Rule 56 and afford all parties the opportunity to present supporting material. *See* Fed.R.Civ.P. 12(b); *Fonte v. Bd. of Managers of Continental Towers Condominium*, 848 F.2d 24, 25 (2d Cir.1988). If the Court is inclined to consider the affidavits and convert the motion to a summary judgment motion, however, Defendants request the opportunity to present additional materials.

[5] Plaintiffs do not contest Defendants' assertion that Plaintiffs' common law fraud claims also require allegations that "give rise to a strong inference of fraud." *See e.g. Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128

7

1. **Plaintiffs Concessions Show That They Failed to Allege Reliance**

In the opposition brief, Plaintiffs concede that (1) they relied solely upon public filings of VMS, such as the August 2007 filings, and did not engage in any other due diligence (Pltfs. Brf. p. 4); (2) the November 2007 8-K specifically stated that the August 2007 filings "should not be relied upon" (*Id* at 8-9); and (3) after the November 2007 8-K was released there is no allegation that Plaintiffs took any further action to inquire into the reliability of VMS' public filings. Plaintiffs also do not contest that (1) Plaintiff Russ attended the February 2008 VMS board of directors meeting (*Id* at 10); and (2) he was informed of "material weaknesses in the Company's internal control over financial reporting" (*id*); (3) there is no allegation that the Plaintiffs inquired into the nature or extent of the "material weaknesses"; and (4) Plaintiff Russ was informed that Mr. Herman had been terminated for "cause" and Plaintiffs purportedly did not inquire as to the nature of the "cause" for his termination.

In short, Plaintiffs' concessions show that the third and fourth claims in the Complaint fail as a matter of law because the purported material misrepresentations that Plaintiffs claim to have relied upon to their detriment were disclosed in public filings or in the February 2008 board meeting. To the extent Plaintiffs claim these matters were not fully disclosed, Plaintiffs could not have reasonably relied upon the purported misstatements because no reasonable investor

---

(2d Cir. 1994). For the same reasons as are set forth above, Plaintiffs also failed to adequately address the pleading deficiencies in the common law fraud claim and that claim should be dismissed pursuant to FRCP 9(b).

8

would have relied upon these statements without further inquiry. *Brown v. E.F. Hutton Group, Inc*, 991 F.2d 1020, 1033 (2d Cir. 1993).

### 2. Plaintiffs Ignore Defendants Arguments That Call For Dismissal of the Complaint

In their motion, Defendants argued that Plaintiffs failed to allege scienter because scienter or fraudulent intent will not be inferred simply because one party failed to fulfill its obligations in the contract. *See* Def. Brf. pp 21-22, *citing Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1176 (2d Cir. 1993); *Gurary v. Winehouse*, 235 F.3d 792, 801 (2d Cir. 2000). Plaintiffs do not address this argument, nor do they cite to any contrary authority.

Defendants also argued that Plaintiffs failed to adequately allege that the purported misstatements were made "in connection with" the sale of a security. *See* Def. Brf. p. 23, *citing Chemical Bank v. Arthur Andersen & Co.*, 726 F.2d 930 (2d Cir.), *cert. denied*, 105 U.S. 253 (1984). Plaintiffs did not address this argument or cite to any contrary authority.

Lacking any response, Plaintiffs complaint should be dismissed on both grounds.

## **CONCLUSION**

For the foregoing reasons, and the reasons set forth in Defendants' Motion to Dismiss, Defendants VMS and the Individual Defendants' Motion to Dismiss should be granted and the Complaint dismissed with prejudice.

Dated:   East Meadow, New York
         November 13, 2009

                                CERTILMAN BALIN ADLER & HYMAN, LLP

By: _____/s/ Martin P. Unger_____
     Martin P. Unger
Attorneys for Defendants
*Visual Management Systems, Inc., Jason Gonzalez, Robert Moe, Michael Ryan, Col. Jack Jacobs, Ret., and Marty McFeely*
90 Merrick Avenue, 9th Floor
East Meadow, New York 11554
(516) 296-7000