**EXHIBIT "3"**
**STIPULATION OF VOLUNTARY DISMISSAL**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
———————————————————X
INTELLIGENT DIGITAL SYSTEMS, LLC,
RUSS & RUSS PC DEFINED BENEFIT
PENSION PLAN, and JAY EDMOND RUSS,

          Plaintiffs,

  -against-

VISUAL MANAGEMENT SYSTEMS, INC.,
JASON GONZALEZ, HOWARD HERMAN,
ROBERT MOE, MICHAEL RYAN,
COL. JACK JACOBS, Ret., and MARTY McFEELY,

         Defendants.
———————————————————X

Case No.: CV 09-974
(LDW/ETB)

STIPULATION OF
VOLUNTARY DISMISSAL
WITH PREJUDICE

FILED
US DISTRICT CLERK'S OFFICE
COURT E.D.N.Y.
★   OCT - 6 2011   ★
LONG ISLAND OFFICE

WHEREAS the Plaintiffs and Defendants Robert Moe, Michael Ryan, and Col. Jack Jacobs, Ret., entered into a Stipulation of Settlement dated September 26, 2011,

NOW THEREFORE, IT IS STIPULATED AND AGREED by and between the attorneys for the Plaintiffs and the attorneys for Defendants Robert Moe, Michael Ryan, and Col. Jack Jacobs, Ret., that this action is discontinued against Defendants Robert Moe, Michael Ryan, and Col. Jack Jacobs, Ret. with prejudice and without costs to any party; and it is further

STIPULATED AND AGREED that nothing contained in this Stipulation shall constitute a withdrawal or discontinuance of Plaintiffs' First Claim for Relief and Second Claim for Relief against Defendants Jason Gonzalez and Martin McFeely, subject to the stay of the action against

Defendant Jason Gonzalez by virtue of the filing of a Chapter 13 Bankruptcy Petition in the United States Bankruptcy Court for the District of New Jersey.

Dated: New York, New York
       September __, 2011

                                            MITCHELL, SILBERBERG
                                            & KNUPP, LLP

                                            By: _____

| | |
|---|---|
| IRA LEVINE, ESQ, (IL-1469) | Lauren J. Wachtler, Esq. (LJW-4205) |
| Attorney for Plaintiffs | Attorney for Settling Defendants |
| 320 Northern Blvd. | Moe, Ryan and Jacobs |
| Suite 14 | 12 East 49th Street |
| Great Neck, NY 11021 | New York, NY 10017 |
| (516) 829-7911 | (212) 509-3900 |
| ilevinelaw@optonline.net | ljw@msk.com |

"SO ORDERED"

_____
Hon. Leonard D. Wexler

Dated: Central Islip, New York
       ~~September~~ 6, 2011
       October

# EXHIBIT "A"

# STIPULATION OF SETTLEMENT
# (PART 1)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――X
INTELLIGENT DIGITAL SYSTEMS, LLC, RUSS
& RUSS PC DEFINED BENEFIT PENSION PLAN,
and JAY EDMOND RUSS,

                        Plaintiffs,

    -against-

VISUAL MANAGEMENT SYSTEMS, INC., JASON
GONZALEZ, ROBERT MOE, MICHAEL RYAN,
COL. JACK JACOBS, Ret. and MARTY McFEELY,

                        Defendants.
―――――――――――――――――――――――――X

Case No. CV-09-974
(LDW/ETB)

**STIPULATION OF
SETTLEMENT**

      WHEREAS, Plaintiffs commenced this action (hereinafter referred to as the "Litigation") against Robert Moe, Michael Ryan, and Jack Jacobs (hereinafter referred to as the "Settling Defendants"), and others, to wit: Jason Gonzalez and Martin McFeely, in the United States District Court for the Eastern District of New York, under Case No.: CV 09-00974; and

      WHEREAS, Plaintiffs served and filed an Amended Complaint in the Litigation which asserted a First Claim for Relief alleging that the Settling Defendants and others were liable to Plaintiffs based on negligence (the "First Claim for Relief"), and a Second Claim for Relief alleging that the Settling Defendants and others were liable to Plaintiffs based on fraudulent misconduct (the "Second Claim for Relief"); and

      WHEREAS, the Settling Defendants and others answered the Amended Complaint denying the allegations thereto; and

      WHEREAS, an Order was entered in the Litigation that directed the parties to mediate this case in accordance with the Local Rules of the United States District Court for the Eastern District of New York; and

WHEREAS, the parties engaged Stephen P. Younger, Esq., of Patterson, Belknap Webb & Tyler, LLP, as the mediator; and

WHEREAS, a mediation session took place from 9 a.m. until 6 p.m. on July 20, 2011 in New York City, but the action was not resolved that day, and the mediator remained available to the parties; and

WHEREAS, Plaintiffs and the Settling Defendants engaged in further discussions and have reached a settlement; and

WHEREAS, Plaintiffs and the Settling Defendants claim that the Settling Defendants are entitled to indemnification for the settlement provided for in this agreement and the recovery of defense costs in accordance with certain Directors and Officers ("D&O") liability insurance policies issued by Beazley Insurance Company, Inc. (hereinafter referred to as "Beazley"), under Policy No. V15IIP07PNDM and Policy No. V15ONG08PNDM, but that Beazley has disclaimed coverage to the Settling Defendants, its insureds under the above-referenced policies; and

WHEREAS, Plaintiffs provided Beazley with advance written notice of the mediation, invited Beazley to attend or participate in the mediation, and that Beazley, by letter dated July 12, 2011, chose not to attend or participate;

WHEREAS, Beazley has been advised of this Stipulation and the negotiation of this Stipulation and has chosen not to participate in the negotiation of this agreement or settlement negotiation; and

WHEREAS, Plaintiffs and the Settling Defendants have reached a settlement of the Litigation on reasonable grounds based on an arms-length and independent assessment of the risks of trial, the costs of trial, and a reasonable assessment of liability and damages; and

WHEREAS, Plaintiffs and the Settling Defendants now seek to set forth the terms and conditions of the settlement in this Stipulation of Settlement.

NOW, THEREFORE, it is stipulated and agreed by and between the attorneys for the Plaintiffs and the Settling Defendants, as follows:

1. Recitals. The above recitals are hereby made part of this Stipulation.

2. Settlement Documents. The Settlement Documents consist of this Stipulation of Settlement, the Stipulation of Discontinuance as against the Settling Defendants (the "Stipulation of Discontinuance") and the Assignment of Rights and Claims as to D & O Coverage (the "Assignment"; all of the foregoing, the "Settlement Documents").

3. Settlement of First Claim for Relief. The First Claim for Relief is settled with the Settling Defendants only, pursuant to which the Settling Defendants agree to pay Plaintiffs, as follows:

(a) Intelligent Digital Systems, LLC, the sum of $1,700,000, together with prejudgment interest at the rate of nine (9%) percent per annum in accordance with New York Civil Practice Law and Rules ("CPLR") Section 5004, until the obligation to this Plaintiff is fully repaid;

(b) Jay Edmond Russ, the sum of $280,000.00, together with prejudgment interest at the rate of nine (9%) percent per annum in accordance with CPLR 5004, until the obligation to this Plaintiff is fully repaid;

(c) The Russ & Russ PC Defined Benefit Pension Plan, the sum of $300,000.00, together with prejudgment interest at the rate of nine (9%) percent per annum in accordance with CPLR 5004, until the obligation to this Plaintiff is fully repaid;

3

4. <u>Settlement Payment</u>. The Settling Defendants shall pay the Settlement Amount (the "Settlement Payment") set forth in ¶3, supra, as follows:

(a) Contemporaneous with the execution and delivery of the Settlement Documents and the "so-ordering" of this Stipulation by the Court, a certified or bank check or wire, payable to IDS, the sum of $70,000; and

(b) By assigning, setting over, and transferring, unconditionally and irrevocably, their claims against Beazley to IDS, Russ and the Plan, in substantially the form that is set forth in Exhibit "1" in satisfaction of any and all obligation of the Settling Defendants to pay the balance of the Settlement Amount to Plaintiffs. Plaintiffs are hereby subrogated to the position of the Settling Defendants as to the Claims against and any related rights under the insurance agreements with Beazley, except with respect to the Settling Defendants' rights to recover defense costs under the D&O Coverage.

5. <u>Withdrawal of Second Claim for Relief</u>. Each of the Settling Defendants and Plaintiffs acknowledge that the Settling Defendants have not committed a fraudulent act or omission to the damage or detriment of Plaintiffs, and that the Second Claim for Relief has no merit. Plaintiffs hereby withdraw the Second Claim for Relief against the Settling Defendants only, with prejudice and without interest, costs or disbursements to any party.

6. <u>Parties' Representations</u>.

(a) Each of the Settling Defendants acknowledges that he has consented to and executed and delivered this Stipulation of his own free will, without coercion or threat, of any kind, that each has had the benefit of independent and capable counsel and the recommendations of the mediator, and that each has examined, considered, and assessed the plaintiffs' allegations of negligence in the Litigation, the alleged defenses, the risks of trial, the costs of trial, the

4

uncertainty of the outcome of the Litigation, the reputational risk to them, the inconvenience of a trial, the Chapter 11 bankruptcy status of Visual Management System, LLC ("VMS"), the Chapter 13 bankruptcy status of Jason Gonzalez, the likelihood that they could not obtain indemnification or contribution from any of the other named defendants, and all other matters affecting, or which might reasonably affect, each of them, and the benefit to a final, full, fair and reasonable resolution of the Litigation, including without limitation, all claims asserted, or which could have been asserted in the Litigation.

(b) Plaintiffs and the Settling Defendants acknowledge that there are no promises, commitments or agreement other than as set forth in the Settlement Documents.

7. <u>Settling Defendants Representations Concerning Beazley</u>. In connection with the Assignment, the Settling Defendants each make the following representations of material fact:

(a) the Settling Defendants, as directors, are named insureds under certain Directors, Officers and Company Liability Insurance policies issued by Beazley: policy number V15IIP07PNDM, with the policy period September 28, 2007 to September 28, 2008; and policy number V15ONG08PNDM, with policy period September 28, 2008 to September 28, 2009; each in the aggregate amount of $5,000,000;

(b) Beazley has disclaimed liability and denied coverage for Plaintiffs' claims against the Settling Defendants by a certain letter annexed hereto as Exhibit "2";

(c) The Settling Defendants, individually and collectively, know of no other and/or additional disclaimer letters from Beazley;

(d) The Settling Defendants, individually and collectively, contest the disclaimer by Beazley (such contest and all claims and chose of action and rights to enforce the policies to be

5

indemnified and held harmless from and against the Plaintiffs' claims and the Judgment in the Litigation, but not any claim by Settling Defendants for defense costs, hereafter "Claims");

(e) The Settling Defendants, individually and collectively, own, hold and possess the Claims against Beazley, no portion of which has been assigned, set over, transferred, or hypothecated by the Settling Defendants; and

(f) The Settling Defendants, individually and collectively have not released, settled or compromised his or their Claims to any extent.

8. <u>Non-Enforcement Against Assets/Income</u>.  In consideration of the Settling Defendants' full and timely performance hereunder, and the execution, delivery and performance of the Settlement Documents, Plaintiffs agree to unconditionally forbear collection of the unpaid portion of the Settlement Amount from the personal assets and income of the Settling Defendants, and their respective heirs and/or any entities in which any of the Settling Defendants have any interest now and in the future. Nothing contained in this Stipulation shall constitute a waiver or release of Plaintiffs' or the Settling Defendants' right to assert any claims, or rights of action against Beazley.  Nothing contained in this paragraph shall constitute a waiver or modification of Plaintiffs' enforcement rights, if any, against the assets of VMS.

9. <u>Cooperation</u>. Settling Defendants shall provide full but reasonable cooperation, without charge to Plaintiffs in effectuating the Settlement Documents, and in the investigation, prosecution or resolution of Claims or rights of action against Beazley.

10. <u>Partial Discontinuance</u>. Contemporaneous with the execution of this Stipulation, Plaintiffs and the Settling Defendants shall execute the Stipulation of Discontinuance with prejudice in substantially the form set forth in Exhibit "3". The Litigation is terminated as to the

6

Settling Defendants, only. The Litigation is not discontinued as to Martin McFeely or Jason Gonzalez.

11. Binding Affect. This Stipulation and the Settlement Documents are binding upon the parties, their heirs, fiduciaries, agents, and successors. This Stipulation is not assignable.

12. No Third Party Beneficiaries. Nothing herein shall vest any right or interest in any third party. No third party shall have any right to enforce or receive any consideration by virtue of this Stipulation. Nothing in this Stipulation shall operate to reduce or eliminate any liability of any third party. All claims in the Litigation against the Settling Defendants shall be discontinued, with prejudice, upon payment of $70,000 as provided in paragraph 4(a) of this Stipulation and Plaintiffs' shall execute and file a Stipulation of Voluntary Dismissal with Prejudice of Plaintiffs' claims against Settling Defendants in the form annexed hereto.

13. Applicable Law. This Stipulation shall be governed and construed in accordance with the laws of the State of New York, without reference to principles of conflicts of laws thereof. If at any time after the date of execution of this Stipulation, any provision of this Stipulation shall be held to be illegal, void or unenforceable by a court of competent jurisdiction, such provision shall be of no force and effect. However, the illegality or unenforceability of such provisions shall have no effect upon, and shall not impair the enforceability of, any other provision of this Stipulation, or the effectiveness of the Stipulation of Voluntary Dismissal with Prejudice in the form annexed hereto.

14. Choice of Venue and Consent to Jurisdiction. The parties consent to the exclusive jurisdiction and venue of the United States District Court for the Eastern District of New York for any action or proceeding in any dispute arising under this Stipulation or the Settlement

7

Documents. Notwithstanding anything to the contrary, this Court shall have continuing jurisdiction to enforce the terms of this Stipulation.

15. <u>Modifications</u>. Any changes hereto shall be made only in writing and shall only become effective and enforceable upon a writing being signed by the parties.

16. <u>Entire Stipulation</u>. This Stipulation is the sole agreement between the parties on the subject matter hereof, and supersedes all prior understandings, agreements and communications between the parties, whether oral or written. Each party has entered into this Stipulation freely and voluntarily, and without coercion, and after investigation. Each party has been represented by independent counsel of their own choosing in connection with the negotiations and execution of this Stipulation and the Settlement Documents.

17. <u>Authority</u>. Plaintiffs and the Settling Defendants represent that they are authorized, and have the power, to enter into this Stipulation, and each party agrees to be bound by this Stipulation.

18. <u>Non-Disparagement</u>. IDS, Russ, the Plan and the Settling Defendants acknowledge that each of them has an established reputation within the industries or professions in which they work and/or operate. Accordingly, each agrees not to make disparaging remarks to third-parties regarding the other. Plaintiffs and the Settling Defendants agree that the following statement may be issued by any of them: "This action has been settled to the mutual satisfaction of the Plaintiffs and defendants Ryan, Moe and Jacobs, without any admission of liability."

19. <u>No Other Claims</u>. Plaintiffs and the Settling Defendants acknowledge that they have no other or additional claims against each other and that this settlement fully resolves all

8

claims between them. The only obligations which survive are the obligations set forth in this Stipulation and in the Settlement Documents.

20.  **Counterparts.**  This Stipulation may be signed in counterparts.  Facsimile copies of signatures shall be deemed to be originals.

Dated:  New York, New York
         September 26, 2011

_____
IRA LEVINE, ESQ, (IL-1469)
Attorney for Plaintiffs
320 Northern Blvd.
Suite 14
Great Neck, NY  11021
(516) 829-7911
ilevinelaw@optonline.net

MITCHELL, SILBERBERG
   & KNUPP, LLP

By: _____
    Lauren J. Wachtler, Esq. (LJW-4205)
Attorney for Settling Defendants
   Moe, Ryan and Jacobs
12 East 49th Street
New York, NY  10017
(212) 509-3900
ljw@msk.com

**PLAINTIFFS:**

INTELLIGENT DIGITAL SYSTEMS, LLC

By: _____
    Jay Edmond Russ, Member

_____
JAY EDMOND RUSS, individually

THE RUSS & RUSS PC DEFINED
PENSION PLAN

By: _____
    Jay Edmond Russ, Administrator

**SETTLING DEFENDANTS:**

_____
ROBERT MOE

_____
MICHAEL RYAN

_____
JACK JACOBS

9

claims between them. The only obligations which survive are the obligations set forth in this Stipulation and in the Settlement Documents.

20. <u>Counterparts</u>. This Stipulation may be signed in counterparts. Facsimile copies of signatures shall be deemed to be originals.

Dated: New York, New York
September 26, 2011

_____
IRA LEVINE, ESQ. (IL-1469)
Attorney for Plaintiffs
320 Northern Blvd.
Suite 14
Great Neck, NY 11021
(516) 829-7911
ilevinelaw@optonline.net

MITCHELL, SILBERBERG
& KNUPP, LLP

By: _____
Lauren J. Wachtler, Esq. (LJW-4205)
Attorney for Settling Defendants
Moe, Ryan and Jacobs
12 East 49th Street
New York, NY 10017
(212) 509-3900
ljw@msk.com

**PLAINTIFFS:**

INTELLIGENT DIGITAL SYSTEMS, LLC

By: _____
Jay Edmond Russ, Member

_____
JAY EDMOND RUSS, individually

THE RUSS & RUSS PC DEFINED
PENSION PLAN

By: _____
Jay Edmond Russ, Administrator

**SETTLING DEFENDANTS:**

_____
ROBERT MOE

_____
MICHAEL RYAN

_____
JACK JACOBS

10

claims between them. The only obligations which survive are the obligations set forth in this Stipulation and in the Settlement Documents.

20. <u>Counterparts</u>. This Stipulation may be signed in counterparts. Facsimile copies of signatures shall be deemed to be originals.

Dated: New York, New York
September ___, 2011

                                           MITCHELL, SILBERBERG
                                           & KNUPP, LLP

| | |
|---|---|
| _____ | By: _____ |
| IRA LEVINE, ESQ, (IL-1469) | Lauren J. Wachtler, Esq. (LJW-4205) |
| Attorney for Plaintiffs | Attorney for Settling Defendants |
| 320 Northern Blvd. | Moe, Ryan and Jacobs |
| Suite 14 | 12 East 49th Street |
| Great Neck, NY 11021 | New York, NY 10017 |
| (516) 829-7911 | (212) 509-3900 |
| ilevinelaw@optonline.net | ljw@msk.com |

**PLAINTIFFS:**

| | |
|---|---|
| INTELLIGENT DIGITAL SYSTEMS, LLC | THE RUSS & RUSS PC DEFINED PENSION PLAN |
| By: _____ | By: _____ |
| Jay Edmond Russ, Member | Jay Edmond Russ, Administrator |

_____
JAY EDMOND RUSS, individually

**SETTLING DEFENDANTS:**

| | |
|---|---|
| _/s/ Robert Moe_____ | _____ |
| ROBERT MOE | JACK JACOBS |
| _____ | |
| MICHAEL RYAN | |

11

10/04/2011  06:24  9082340755                      JACOBS                                PAGE 02/03

claims between them. The only obligations which survive are the obligations set forth in this Stipulation and in the Settlement Documents.

20. **Counterparts.** This Stipulation may be signed in counterparts. Facsimile copies of signatures shall be deemed to be originals.

Dated:  New York, New York
        September ___, 2011

                                            MITCHELL, SILBERBERG
                                            & KNUPP, LLP

_____                 By: _____
IRA LEVINE, ESQ, (IL-1469)                      Lauren J. Wachtler, Esq. (LJW-4205)
Attorney for Plaintiffs                         Attorney for Settling Defendants
320 Northern Blvd.                              Moe, Ryan and Jacobs
Suite 14                                        12 East 49th Street
Great Neck, NY 11021                            New York, NY 10017
(516) 829-7911                                  (212) 509-3900
ilevinelaw@optonline.net                        ljw@msk.com

**PLAINTIFFS:**

INTELLIGENT DIGITAL SYSTEMS, LLC            THE RUSS & RUSS PC DEFINED
                                            PENSION PLAN

By: _____             By: _____
    Jay Edmond Russ, Member                     Jay Edmond Russ, Administrator

_____
JAY EDMOND RUSS, Individually

**SETTLING DEFENDANTS:**

_____                 _____
ROBERT MOE                                  JACK JACOBS

_____
MICHAEL RYAN

12

**"SO ORDERED"**

/s/ Hon. Leonard D. Wexler

Dated: Central Islip, New York
October 6, 2011