Case 2:09-cv-00974-LDW-ETB   Document 99   Filed 11/16/11   Page 1 of 10 PageID #: 1451

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 17 2011 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------X

INTELLIGENT DIGITAL SYSTEMS, LLC, RUSS
& RUSS PC DEFINED BENEFIT PENSION PLAN,
and JAY EDMOND RUSS,

    Plaintiffs,

-against-

VISUAL MANAGEMENT SYSTEMS, INC., JASON
GONZALEZ, ROBERT MOE, MICHAEL RYAN,
COL. JACK JACOBS, Ret. and MARTY McFEELY,

    Defendants.

---------------------------------------X

Case No. CV-09-974
(LDW/ETB)

**STIPULATION OF SETTLEMENT**

WHEREAS, Plaintiffs commenced this action (hereinafter referred to as the "Litigation") against Martin McFeely, sued herein as Marty McFeely (hereinafter referred to as the "McFeely"), and others, in the United States District Court for the Eastern District of New York, under Case No.: CV 09-00974; and

WHEREAS, Plaintiffs served and filed an Amended Complaint in the Litigation which asserted a First Claim for Relief alleging that McFeely and others were liable to Plaintiffs based on negligence (the "First Claim for Relief"), and a Second Claim for Relief alleging that the McFeely and others were liable to Plaintiffs based on fraudulent misconduct (the "Second Claim for Relief"); and

WHEREAS, McFeely and others answered the Amended Complaint denying the allegations thereto; and

WHEREAS, by Order of the Court dated October 25, 2010, Certilman, Balin, Adler & Hyman, LLP was relieved and discharged as the attorney for McFeely and others and McFeely feely chose not to engage substitute counsel to represent him in the Litigation and elected to appear in this action *pro se*;

WHEREAS, an Order was entered in the Litigation that directed that the Plaintiffs and defendants Ryan, Moe and Jacobs to mediate this case in accordance with the Local Rules of the United States District Court for the Eastern District of New York; and

WHEREAS, Stephen P. Younger, Esq., of Patterson, Belknap Webb & Tyler, LLP was selected as the mediator; and

WHEREAS, a mediation session took place from 9 a.m. until 6 p.m. on July 20, 2011 in New York City, but the action was not resolved that day, and the mediator remained available to the parties; and

WHEREAS, Plaintiffs and defendants Ryan, Moe and Jacobs then engaged in further discussions and reached a settlement, which was memorialized in a Stipulation of Settlement that was "so ordered" by the Court on October 6, 2011, and which is on file with the Clerk of the Court; and

WHEREAS, Plaintiffs and McFeely have reached a settlement of the Litigation on reasonable grounds based on an arms-length and independent assessment of the risks of trial, the costs of trial, and a reasonable assessment of liability and damages; and

WHEREAS, Plaintiffs and McFeely claim that McFeely is entitled to indemnification for the amounts set forth in this Stipulation and the recovery of defense costs in accordance with certain Directors and Officers ("D&O") liability insurance policies issued by Beazley Insurance Company, Inc. (hereinafter referred to as "Beazley"), under Policy No. V15IIP07PNDM and Policy No. V15ONG08PNDM, but that Beazley has disclaimed coverage to McFeely, its insured under the above-referenced policies; and

WHEREAS, Plaintiffs and McFeely now seek to set forth the terms and conditions of the settlement in this Stipulation of Settlement.

NOW, THEREFORE, it is stipulated and agreed by and between the attorneys for the Plaintiffs and McFeely, as follows:

1. <u>Recitals</u>. The above recitals are hereby made part of this Stipulation.

2. <u>Settlement Documents</u>. The Settlement Documents consist of this Stipulation of Settlement, Consent Judgment, and the Assignment of Rights and Claims as to D & O Coverage (the "Assignment"; all of the foregoing, the "Settlement Documents").

3. <u>Settlement of First Claim for Relief.</u> The First Claim for Relief is settled with McFeely, pursuant to which McFeely acknowledges his liability to the Plaintiffs on the First Claim for Relief as set forth in the Amended Complaint, and agrees to pay Plaintiffs, as follows:

(a) To Intelligent Digital Systems, LLC ("IDS"): the sum of $1,833,341.65, with interest at the rate of 9% per annum from August 30, 2010 to the date of payment in full;

(b) To Russ & Russ PC Defined Benefit Pension Plan (the "Pension Plan"): the sum of $326,370.18, with interest at the rate of 9% per annum from August 30, 2010 to the date of payment in full;

(c) To Jay Edmond Russ ("Russ"): the sum of $304,144.17, with interest at the rate of the rate of 9% per annum from August 30, 2010 to the date of payment in full.

4. <u>Settlement Payment</u>. McFeely shall pay the Settlement Amount (the "Settlement Payment") set forth in ¶3, *supra*, as follows:

(a) Subject to McFeely's rights as set forth in ¶8, *infra*, by withdrawing his answer to the Amended Complaint and consenting to the entry of the Consent Judgment in substantially the form annexed hereto as Exhibit "1" whereby the Plaintiffs shall have judgment against McFeely in the sums set forth therein on the First Claim for Relief, only; and

3

(b) McFeely hereby assigns, sets over, and transfers, unconditionally and irrevocably, his claims against Beazley to IDS, Russ and the Plan, in the form hat is set forth in Exhibit "2." Plaintiffs are hereby subrogated to the position of McFeely as to the Claims against, and any related rights under the insurance agreements with Beazley, except with respect to McFeely's rights to recover defense costs under the D&O Coverage.

5. <u>Withdrawal of Second Claim for Relief</u>. McFeely and Plaintiffs acknowledge that McFeely has not committed a fraudulent act or omission to the damage or detriment of Plaintiffs, and that the Second Claim for Relief has no merit. Plaintiffs hereby withdraw the Second Claim for Relief against McFeely with prejudice and without interest, costs or disbursements to any party.

6. <u>Parties' Representations</u>.

(a) McFeely represents that he is justly indebted to the Plaintiffs in the amounts set forth in ¶3, supra, that he has executed this Stipulation and has consented to and has executed and delivered the Settlement Documents of his own free will, without coercion or threat. McFeely acknowledges that although he is appearing in this action *pro se,* he has had a sufficient opportunity to consult with independent and capable legal counsel and such other advisors of his own choosing and as he deems appropriate, and that he has executed this Stipulation and the Settlement Documents of his own free will and without any coercion or threat. McFeely acknowledges that he has examined, considered, and assessed the Plaintiffs' allegations of negligence in the Litigation, the alleged defenses, the risks and the costs of trial, the uncertainty of the outcome of the Litigation, the risk to his reputation of an adverse determination at trial, the inconvenience of a trial, the Chapter 11 bankruptcy status of Visual Management System, LLC ("VMS"), the Chapter 13 bankruptcy status of Jason Gonzalez, the likelihood that he could not

4

obtain indemnification or contribution from any of the other named defendants, and all other matters affecting, or which might reasonably affect him, as well as the benefit to him of a final, full, fair and reasonable resolution of the Litigation, including without limitation, all claims asserted, or which could have been asserted in the Litigation. McFeely further acknowledges and represents that he has not received any legal advice, or any other type of advice from Plaintiffs' attorneys, Ira Levine, Esq. and Reed Smith, LLP, its members and associates in connection with this Litigation or the settlement thereof.

(b)   Plaintiffs and McFeely acknowledge that there are no promises, commitments or agreement other than as set forth in the Settlement Documents.

7.   <u>McFeely's Representations Concerning Beazley</u>.   In connection with the Assignment, McFeely makes the following representations of material fact:

(a)   McFeely, as a director, is a named insured under certain Directors, Officers and Company Liability Insurance policies issued by Beazley: policy number V15IIP07PNDM, with the policy period September 28, 2007 to September 28, 2008; and policy number V15ONG08PNDM, with policy period September 28, 2008 to September 28, 2009; each in the aggregate amount of $5,000,000;

(b)   Beazley has disclaimed liability and denied coverage for Plaintiffs' claims against McFeely by a certain letter annexed hereto as Exhibit "3";

(c)   McFeely does not know of any other and/or additional disclaimer letters from Beazley;

(d)   McFeely contests the disclaimer by Beazley (such contest and all claims and chose of action and rights to enforce the policies to be indemnified and held harmless from and

5

against the Plaintiffs' claims and the Consent Judgment in the Litigation, but not any claim by McFeely for defense costs, hereafter "Claims");

(e) McFeely owns, holds and possesses the Claims against Beazley, no portion of which has been assigned, set over, transferred, or hypothecated by McFeely; and

(f) McFeely has not released, settled or compromised his Claims to any extent.

8. <u>Non-Enforcement Against Assets/Income</u>. In consideration of McFeely's full and timely performance hereunder, and the execution, delivery and performance of the Settlement Documents, Plaintiffs agree to unconditionally forbear collection of the Settlement Amount and enforcement of the Consent Judgment from the personal assets and income of McFeely, and his heirs and/or any entities in which McFeely has any interest now and in the future. Nothing contained in this Stipulation shall constitute a waiver or release of Plaintiffs' or McFeely's right to assert any claims, or rights of action against Beazley. Nothing contained in this paragraph shall constitute a waiver or modification of Plaintiffs' enforcement rights, if any, against the assets of VMS.

9. <u>Cooperation</u>. McFeely shall provide full but reasonable cooperation, without charge to Plaintiffs, in effectuating the Settlement Documents, and in the investigation, prosecution or resolution of Claims or rights of action against Beazley.

10. <u>Partial Discontinuance</u>. The Litigation is terminated as to McFeely. The Litigation is not discontinued as to Jason Gonzalez.

11. <u>Binding Affect</u>. This Stipulation and the Settlement Documents are binding upon the parties, their heirs, fiduciaries, agents, and successors. This Stipulation is not assignable.

12. <u>No Third Party Beneficiaries</u>. Nothing herein shall vest any right or interest in any third party. No third party shall have any right to enforce or receive any consideration by

6

virtue of this Stipulation. Nothing in this Stipulation shall operate to reduce or eliminate any liability of any third party.

13. <u>Applicable Law</u>. This Stipulation shall be governed and construed in accordance with the laws of the State of New York, without reference to principles of conflicts of laws thereof. If at any time after the date of execution of this Stipulation, any provision of this Stipulation shall be held to be illegal, void or unenforceable by a court of competent jurisdiction, such provision shall be of no force and effect. However, the illegality or unenforceability of such provisions shall have no effect upon, and shall not impair the enforceability of, any other provision of this Stipulation.

14. <u>Choice of Venue and Consent to Jurisdiction</u>. The parties consent to the exclusive jurisdiction and venue of the United States District Court for the Eastern District of New York for any action or proceeding in any dispute arising under this Stipulation or the Settlement Documents. Notwithstanding anything to the contrary, this Court shall have continuing jurisdiction to enforce the terms of this Stipulation.

15. <u>Modifications</u>. Any changes hereto shall be made only in writing and shall only become effective and enforceable upon a writing being signed by the parties.

16. <u>Entire Stipulation</u>. This Stipulation is the sole agreement between the parties on the subject matter hereof, and supersedes all prior understandings, agreements and communications between the parties, whether oral or written. Each party has entered into this Stipulation freely and voluntarily, and without coercion, and after investigation.

17. <u>Authority</u>. Plaintiffs and McFeely represent that they are authorized, and have the power, to enter into this Stipulation, and each party agrees to be bound by this Stipulation.

18. <u>Non-Disparagement</u>. IDS, Russ, the Plan and McFeely acknowledge that each of them has an established reputation within the industries or professions in which they work and/or operate. Accordingly, each agrees not to make disparaging remarks to third-parties regarding the other. Plaintiffs and McFeely agree that the following statement may be issued by any of them: "This action has been settled to the mutual satisfaction of the Plaintiffs and Mr. McFeely."

19. <u>No Other Claims</u>. Plaintiffs and McFeely acknowledge that they have no other or additional claims against each other and that this settlement fully resolves all claims between them. The only obligations which survive are the obligations set forth in this Stipulation and in the Settlement Documents.

20. <u>Counterparts</u>. This Stipulation may be signed in counterparts. Facsimile copies of signatures shall be deemed to be originals.

Dated: New York, New York
       November 10, 2011

_____
IRA LEVINE, ESQ. (IL-1469)
Attorney for Plaintiffs
320 Northern Blvd.
Suite 14
Great Neck, NY 11021
(516) 829-7911
ilevinelaw@optonline.net

_____
MARTIN McFEELY
Defendant *Pro Se*
94 Branch Avenue
Red Bank, NJ 07701
(732) 642-6956
mmcfeely33@verizon.net

"SO ORDERED"

s/ Leonard D. Wexler
_____
Hon. Leonard D. Wexler

Dated: Central Islip, New York
       November 17, 2011

8

**PLAINTIFFS:**

INTELLIGENT DIGITAL SYSTEMS, LLC

By: _____
Jay Edmond Russ, Member

THE RUSS & RUSS PC DEFINED PENSION PLAN

By: _____
Jay Edmond Russ, Administrator

_____
JAY EDMOND RUSS, individually

STATE OF NEW JERSEY, COUNTY OF BERGEN
(Complete Venue with State, Country, Province or Municipality)

On the 8th day of November in the year 2011, before me, the undersigned, personally appeared Martin McFeely, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
NOTARY PUBLIC

KATHERINE M. MARCK
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 10/14/2014

9

PLAINTIFFS:

INTELLIGENT DIGITAL SYSTEMS, LLC        THE RUSS & RUSS PC DEFINED
                                        PENSION PLAN

By: _____      By: _____
    Jay Edmond Russ, Member                 Jay Edmond Russ, Administrator

_____
JAY EDMOND RUSS, individually

STATE OF NEW JERSEY, COUNTY OF  BERGEN
(Complete Venue with State, Country, Province or Municipality)

On the _8th_ day of November in the year 2011, before me, the undersigned, personally appeared Martin McFeely, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), that by his/her/ their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
NOTARY PUBLIC

KATHERINE M. MARCK
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 10/14/2014

9