FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ SEP 27 2012 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
INTELLIGENT DIGITAL SYSTEMS. LLC, RUSS         Case No. CV-09-974
& RUSS PC DEFINED BENEFIT PENSION PLAN,        (LDW/ETB)
and JAY EDMOND RUSS,
                                Plaintiffs,

        -against-                               STIPULATION OF
                                                SETTLEMENT

VISUAL MANAGEMENT SYSTEMS, INC., JASON
GONZALEZ, ROBERT MOE, MICHAEL RYAN,
COL. JACK JACOBS. Ret. and MARTY McFEELY,

                                Defendants.
---------------------------------------------------------X

WHEREAS, Plaintiffs commenced this action (hereinafter referred to as the "Litigation") against Jason Gonzalez (hereinafter referred to as the "Gonzalez"), and others, in the United States District Court for the Eastern District of New York, under Case No.: CV 09-00974; and

WHEREAS, Plaintiffs served and filed an Amended Complaint in the Litigation which asserted a First Claim for Relief alleging that Gonzalez and others were liable to Plaintiffs based on negligence (the "First Claim for Relief"), and a Second Claim for Relief alleging that the Gonzalez and others were liable to Plaintiffs based on fraudulent misconduct (the "Second Claim for Relief"); and

WHEREAS, Gonzalez and others answered the Amended Complaint denying the allegations thereto; and

WHEREAS, Gonzalez and his wife filed a Joint Petition under Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey on April 8, 2011 (the "Bankruptcy Case"), and as a result, the Litigation was stayed as to Gonzalez by virtue of the automatic stay set forth in 11 USC § 362;

WHEREAS, an Order was entered in the Litigation that directed that the Plaintiffs and defendants Ryan, Moe and Jacobs to mediate this case in accordance with the Local Rules of the United States District Court for the Eastern District of New York; and

WHEREAS, Stephen P. Younger, Esq., of Patterson, Belknap Webb & Tyler, LLP was selected as the mediator; and

WHEREAS, a mediation session took place from 9 a.m. until 6 p.m. on July 20, 2011 in New York City, but the action was not resolved that day, and the mediator remained available to the parties; and

WHEREAS, Plaintiffs and defendants Ryan, Moe and Jacobs then engaged in further discussions and reached a settlement, which was memorialized in a Stipulation of Settlement that was "so ordered" by the Court on October 6, 2011, and which is on file with the Clerk of the Court; and

WHEREAS, the Bankruptcy Case was dismissed on March 27, 2012 and the automatic stay was vacated; and

WHEREAS, Plaintiffs and Gonzalez have reached a settlement of the Litigation on reasonable grounds based on an arms-length and independent assessment of the risks of trial, the costs of trial, and a reasonable assessment of liability and damages; and

WHEREAS, Plaintiffs and Gonzalez claim that Gonzalez is entitled to indemnification for the amounts set forth in this Stipulation and the recovery of defense costs in accordance with certain Directors and Officers ("D&O") liability insurance policies issued by Beazley Insurance Company, Inc. (hereinafter referred to as "Beazley"), under Policy No. V15IIP07PNDM and Policy No. V15ONG08PNDM, but that Beazley has disclaimed coverage to Gonzalez, its insured under the above-referenced policies; and

2

WHEREAS, Plaintiffs and Gonzalez now seek to set forth the terms and conditions of the settlement in this Stipulation of Settlement.

NOW, THEREFORE, it is stipulated and agreed by and between the attorneys for the Plaintiffs and Gonzalez, as follows:

1. Recitals. The above recitals are hereby made part of this Stipulation.

2. Settlement Documents. The Settlement Documents consist of this Stipulation of Settlement, Consent Judgment, and the Assignment of Rights and Claims as to D & O Coverage (the "Assignment"; all of the foregoing, the "Settlement Documents").

3. Settlement of First Claim for Relief. The First Claim for Relief is settled with Gonzalez, pursuant to which Gonzalez acknowledges his liability to the Plaintiffs on the First Claim for Relief as set forth in the Amended Complaint, and agrees to pay Plaintiffs (the Settlement Amount"), as follows:

(a) To Intelligent Digital Systems, LLC ("IDS"): the sum of $1,833,341.65, with interest at the rate of 9% per annum from August 30, 2010 to the date of payment in full;

(b) To Russ & Russ PC Defined Benefit Pension Plan (the "Pension Plan"): the sum of $326,370.18, with interest at the rate of 9% per annum from August 30, 2010 to the date of payment in full;

(c) To Jay Edmond Russ ("Russ"): the sum of $304,144.17, with interest at the rate of the rate of 9% per annum from August 30, 2010 to the date of payment in full.

4. Settlement Payment. Gonzalez shall pay the Settlement Amount that is set forth in ¶3, supra, as follows:

3

(a) Simultaneous with execution and delivery of the Settlement Documents, a certified or bank check or wire, payable to IDS, the sum of Five Thousand ($5,000.00) dollars; and

(b) Subject to Gonzalez's rights as set forth in ¶8, *infra*, Gonzalez hereby withdraws his answer to the Amended Complaint and consents to the entry of the Consent Judgment in substantially the form annexed hereto as Exhibit "1" whereby the Plaintiffs shall have judgment against Gonzalez in the sums set forth therein on the First Claim for Relief, only; and

(b) Gonzalez hereby assigns, sets over, and transfers, unconditionally and irrevocably, his claims against Beazley to IDS, Russ and the Plan, in the form hat is set forth in Exhibit "2." Plaintiffs are hereby subrogated to the position of Gonzalez as to the Claims against, and any related rights under the insurance agreements with Beazley, except with respect to Gonzalez's rights to recover defense costs under the D&O Coverage.

5. <u>Withdrawal of Second Claim for Relief.</u> Gonzalez and Plaintiffs acknowledge that Gonzalez has not committed a fraudulent act or omission to the damage or detriment of Plaintiffs, and that the Second Claim for Relief has no merit. Plaintiffs hereby withdraw the Second Claim for Relief against Gonzalez with prejudice and without interest, costs, attorneys' fees or disbursements to any party.

6. <u>Parties' Representations.</u>

(a) Gonzalez represents that he is justly indebted to the Plaintiffs in the amounts set forth in ¶3, supra, that he has executed this Stipulation and has consented to and has executed and delivered the Settlement Documents of his own free will, without coercion or threat. Gonzalez acknowledges that he has consulted with independent and capable legal counsel and such other advisors of his own choosing and as he deems appropriate, and that he has executed

4

this Stipulation and the Settlement Documents of his own free will and without any coercion or threat. Gonzalez acknowledges that he has examined, considered, and assessed the Plaintiffs' allegations of negligence in the Litigation, the alleged defenses, the risks and the costs of trial, the uncertainty of the outcome of the Litigation, the risk to his reputation of an adverse determination at trial, the inconvenience of a trial, the bankruptcy status of Visual Management System, LLC ("VMS"), the likelihood that he could not obtain indemnification or contribution from any of the other named defendants, and all other matters affecting, or which might reasonably affect him, as well as the benefit to him of a final, full, fair and reasonable resolution of the Litigation, including without limitation, all claims asserted, or which could have been asserted in the Litigation.

(b) Plaintiffs and Gonzalez acknowledge that there are no promises, commitments or agreement other than as set forth in the Settlement Documents.

7. <u>Gonzalez's Representations Concerning Beazley</u>. In connection with the Assignment, Gonzalez makes the following representations of material fact:

(a) Gonzalez, as an officer and director, is a named insured under certain Directors, Officers and Company Liability Insurance policies issued by Beazley: policy number V15HP07PNDM, with the policy period September 28, 2007 to September 28, 2008; and policy number V15ONG08PNDM, with policy period September 28, 2008 to September 28, 2009; each in the aggregate amount of $5,000,000;

(b) Beazley has disclaimed liability and denied coverage for Plaintiffs' claims against Gonzalez by a certain letter annexed hereto as Exhibit "3";

(c) Gonzalez does not know of any other and/or additional disclaimer letters from Beazley;

5

(d) Gonzalez contests the disclaimer by Beazley (such contest and all claims and chose of action and rights to enforce the policies to be indemnified and held harmless from and against the Plaintiffs' claims and the Consent Judgment in the Litigation, but not any claim by Gonzalez for defense costs, hereafter "Claims");

(e) Gonzalez owns, holds and possesses the Claims against Beazley, no portion of which has been assigned, set over, transferred, or hypothecated by Gonzalez; and

(f) Gonzalez has not released, settled or compromised his Claims to any extent.

8. <u>Non-Enforcement Against Assets/Income</u>. In consideration of Gonzalez's full and timely performance hereunder, and the execution, delivery and performance of the Settlement Documents, Plaintiffs agree to unconditionally forbear collection of the Settlement Amount and enforcement of the Consent Judgment from the personal assets and income of Gonzalez, and his heirs and/or any entities in which Gonzalez has any interest now and in the future. Nothing contained in this Stipulation shall constitute a waiver or release of Plaintiffs' or Gonzalez's right to assert any claims, or rights of action against Beazley. Nothing contained in this paragraph shall constitute a waiver or modification of Plaintiffs' enforcement rights, if any, against the assets of VMS. Plaintiffs further agree unconditionally that the Consent Judgment executed by Gonzalez herein is not assignable, except as set forth herein in accordance with the terms of this Settlement Agreement. Plaintiffs further agree to indemnify and hold Gonzalez harmless in the event that any party or non-party to this Settlement Agreement attempts to enforce the Consent Judgment executed by Gonzalez, including attorneys' fees.

9. <u>Cooperation</u>. Gonzalez shall provide full but reasonable cooperation, without charge to Plaintiffs, in effectuating the Settlement Documents, and in the investigation, prosecution or resolution of Claims or rights of action against Beazley.

6

10. <u>Termination of Action</u>. Upon the entry of the Consent Judgment, the Litigation is concluded.

11. <u>Binding Affect</u>. This Stipulation and the Settlement Documents are binding upon the parties, their heirs, fiduciaries, agents, and successors. This Stipulation is not assignable.

12. <u>No Third Party Beneficiaries</u>. Nothing herein shall vest any right or interest in any third party. No third party shall have any right to enforce or receive any consideration by virtue of this Stipulation. Nothing in this Stipulation shall operate to reduce or eliminate any liability of any third party.

13. <u>Applicable Law</u>. This Stipulation shall be governed and construed in accordance with the laws of the State of New York, without reference to principles of conflicts of laws thereof. If at any time after the date of execution of this Stipulation, any provision of this Stipulation shall be held to be illegal, void or unenforceable by a court of competent jurisdiction, such provision shall be of no force and effect. However, the illegality or unenforceability of such provisions shall have no effect upon, and shall not impair the enforceability of, any other provision of this Stipulation.

14. <u>Choice of Venue and Consent to Jurisdiction</u>. The parties consent to the exclusive jurisdiction and venue of the United States District Court for the Eastern District of New York for any action or proceeding in any dispute arising under this Stipulation or the Settlement Documents. Notwithstanding anything to the contrary, this Court shall have continuing jurisdiction to enforce the terms of this Stipulation.

15. <u>Modifications</u>. Any changes hereto shall be made only in writing and shall only become effective and enforceable upon a writing being signed by the parties.

7

16. <u>Entire Stipulation</u>. This Stipulation is the sole agreement between the parties on the subject matter hereof, and supersedes all prior understandings, agreements and communications between the parties, whether oral or written. Each party has entered into this Stipulation freely and voluntarily, and without coercion, and after investigation.

17. <u>Authority</u>. Plaintiffs and Gonzalez represent that they are authorized, and have the power, to enter into this Stipulation, and each party agrees to be bound by this Stipulation.

18. <u>Non-Disparagement</u>. IDS, Russ, the Plan and Gonzalez acknowledge that each of them has an established reputation within the industries or professions in which they work and/or operate. Accordingly, each agrees not to make disparaging remarks to third-parties regarding the other. Plaintiffs and Gonzalez agree that the following statement may be issued by any of them: "This action has been settled to the mutual satisfaction of the Plaintiffs and Mr. Gonzalez."

19. <u>No Other Claims</u>. Plaintiffs and Gonzalez acknowledge that they have no other or additional claims against each other and that this settlement fully resolves all claims between them. The only obligations which survive are the obligations set forth in this Stipulation and in the Settlement Documents.

*[Continued on Next Page]*

8

20. <u>Counterparts</u>. This Stipulation may be signed in counterparts. Facsimile copies of signatures shall be deemed to be originals.

Dated: New York, New York
~~August~~ September 10, 2012

_____
IRA LEVINE, ESQ. (IL-1469)
Attorney for Plaintiffs
320 Northern Blvd. - Suite 14
Great Neck, NY 11021
(516) 829-7911
ilevinelaw@optonline.net

MITCHELL, SILBERBERG
& KNUPP LLP

By: _____
Lauren J. Wachtler, Esq. (LJW-4205)
Attorney for Gonzalez
12 East 49th Street
New York, NY 10017
(212) 509-3900
ljw@msk.com

**AGREED TO:**

**PLAINTIFFS:**

INTELLIGENT DIGITAL SYSTEMS, LLC

By: _____
Jay Edmond Russ, Member

_____
JAY EDMOND RUSS, individually

THE RUSS & RUSS PC DEFINED
PENSION PLAN

By: _____
Jay Edmond Russ, Administrator

**DEFENDANT:**
_____
JASON GONZALEZ

SO ORDERED:
_____
Hon. Leonard D. Wexler
9/27/12
Central Islip, NY

9

## ACKNOWLEDGEMENTS

STATE OF NEW YORK, COUNTY OF NASSAU

On the _10_ day of ~~August~~ _Sept_ in the year 2012 before me, the undersigned, personally appeared JAY EDMOND RUSS, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person on behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

IRA LEVINE
NOTARY PUBLIC-STATE OF NEW YORK
No. 02LE5004847
Qualified in Nassau County
My Commission Expires November 23, 20/ _y_

STATE OF NEW JERSEY, COUNTY OF _OCEAN_
(Complete Venue with State, Country, Province or Municipality)

On the _16th_ day of ~~August~~ _September_ in the year 2012, before me, the undersigned, personally appeared Jason Gonzalez, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), that by his/her/ their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

ALEKSANDRA KING
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Nov. 14, 2014

10